DOUCET, Judge.
This is an appeal from a judgment dismissing plaintiffs action against the State of Louisiana, Department of Transportation and Development (DOTD), and the City of Abbe-ville (City).
On October 19,1989, at approximately 6:30 a.m., Kenneth Ray Lee, the plaintiff herein, was traveling east on Alonzo Road in Abbe-ville, Louisiana near its intersection with the Louisiana Highway 14 By-Pass (By-Pass). Alonzo is the inferior road. Its intersection with the By-Pass is controlled by a stop sign located on Alonzo. Lee has no memory of the accident or of events leading up to it. However, it is undisputed that, rather than stopping at the intersection of Alonzo and the By-Pass, Lee continued into the intersection. He was hit by the southbound vehicle driven by Frannie J. Dupuis and owned by Guy Scroggins, Inc.
The plaintiff filed suit against the City and the DOTD alleging that the stop sign on Alonzo at the By-Pass was missing at the time of the accident.
At trial, two DOTD employees testified that they had seen the sign in place at approximately 4:30 p.m. on October 18, 1989. Eddie McKenzie, who was a City police officer at the time of the accident, stated that on October 18, 1989, he went on duty at 5 p.m. He saw the stop sign at the intersection of Alonzo and the By-Pass at 7 or 8 p.m. However, when he passed again at 11:40 p.m., the sign was gone. The City police log shows that the missing sign was reported. Testimony indicates that the appropriate procedure at that point would have been either to have the City Superintendent for Street Maintenance paged, or to call the DOTD’s Lafayette office. Testimony by the City Superintendent for Street Maintenance and the DOTD District Traffic Operations Specialist indicates that they did not receive notice of the missing sign. Neil Domingue is the DOTD employee charged with sign maintenance in Vermilion Parish. He testified that he replaced the missing sign after the accident at approximately 10 a.m. on October 19, 1989. He saw the broken sign post sticking up about 1½ to 2 feet above the ground. The stop sign itself was about 200 feet away. He stated that fresh vehicle tracks were present which seemed to indicate that the sign had been hit and dragged to that location.
After a trial on the merits, the trial judge dismissed the plaintiff, finding no causal connection between the missing stop sign and the injury to the plaintiff.
The plaintiff appeals alleging error only as to the dismissal of its claims against the City.
[T]o recover under Article 2317 for damage caused by things, a plaintiff must *561 show: (1) that the thing which caused the injury was in the care and custody of the defendant owner; (2) that a vice or defect existed in the thing; (3) that the vice or defect caused the injury. A vice or defect is defined as the creation of an unreasonable risk of injury to another. Loescher v. Parr, 324 So.2d 441 (La.1975); Kaplan v. Missouri-Pacific Railroad Co., 409 So.2d 298 (La.App. 3d Cir.1981).
Jones v. Missouri Pacific R. Co., 546 So.2d 632, 634 (La.App. 3 Cir.1989).
La.R.S. 9:2800 adds the further requirement, where damages are sought from a public entity, of showing that:
... the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
Under a negligence theory, as well, the plaintiff must show that the City had knowledge of the problem and failed to correct it within a reasonable period of time. Boudoin v. City of Kenner, 556 So.2d 123 (La.App. 5 Cir.1990).
The defendant argues that the City should have been held liable since it had notice of the missing sign and failed to install a temporary sign within a reasonable amount of time.
The trial judge found that while the City had actual knowledge that the stop sign was missing, the accident was caused by the plaintiffs negligence rather than by the missing stop sign.
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. Id. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. Esco, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness’s story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell, 549 So.2d at 844-45. Nonetheless, this Court has emphasized that “the reviewing court must always keep in mind that ‘if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’” Housley v. Cerise, 579 So.2d 973 (La.1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106,1112 (La.1990)).
This court has recognized that “[t]he reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live wit *562 nesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring Co., 283 So.2d 716 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
Stobart v. State through DOTD, 617 So.2d 880, 882-883 (La.1993).
In this case, the record contains adequate support, based on reasonable credibility evaluations, for the trial judge’s conclusion that the sole cause of the accident was negligence on the part of Lee. Frannie Dupuis, in uncontradicted testimony, stated that as he drove south on the By-Pass he saw Lee’s vehicle driving east on Alonzo, coming towards the By-Pass. He further testified that he could see Lee’s vehicle braking as it approached the intersection. Dupuis stated that it appeared that Lee intended to stop at the intersection. Dupuis, who had been slowing his vehicle because of the approach of the Lee vehicle, began to regain his former speed based on the perceived braking of Lee’s vehicle. Dupuis stated that, after slowing as if to stop at the intersection, Lee entered the intersection after all. Dupuis stated that he swerved but was unable to avoid hitting Lee’s vehicle. The evidence presented at trial establishes that the ByPass is a four-lane highway. It is a superior road to Alonzo. The testimony of record indicates that the area around Alonzo is open near the By-Pass. The By-Pass is well lit and easily visible when approached by way of Alonzo even after dark. The trial judge concluded that Lee was aware of the intersection and the need to stop but failed to do so. This finding is not manifestly erroneous or clearly wrong.
Accordingly, the judgment of the trial court is affirmed at plaintiffs cost.
AFFIRMED.